

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 29, 1967

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Dear Mr. Resweber:

Opinion No. M-130

Re: Whether certain realty
owned and used by Junior
Achievement of Houston,
Inc., is exempt from ad
valorem taxes.

You ask the opinion of this office as to whether certain real property in Harris County, Texas, owned by Junior Achievement of Houston, Inc., is subject to ad valorem taxes.

Our opinion is that this property is exempt from these taxes because it is used for school purposes within the contemplation of Article VIII, Section 2 of our State Constitution, and Article 7150, Sections 1 and 21, Vernon's Civil Statutes, enacted pursuant thereto.

The relevant portion of this provision of the Constitution reads as follows:

"All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the legislature may, by general law, exempt from taxation . . . all buildings used exclusively and owned by persons or associations of persons for school purposes and the necessary furniture of all schools and property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a State or National organization of like character; . . . and all laws exempting property from taxation other than the property above mentioned shall be null and void." (underscoring added).

Article 7150, Section 1, in its pertinent portion, reads:

"The following property shall be exempt from taxation, to-wit:

"1. Schools and Churches. - . . . . All public colleges, public academies, and all endowment funds of institutions of learning and religion not used with a view to profit, . . . and all such buildings used exclusively and owned by persons or associations of persons for school purposes; . . ."

Article 7150, Section 21, exempts from ad valorem taxes:

"Property owned or used exclusively and reasonably necessary in conducting any association engaged in the educational development of boys, girls, young men or young women through a program designed to demonstrate the operation of the American Business system of private enterprise and operating under a State or National organization of like character." (underscoring added).

Section 2 of the Act[1] which enacted this Section 21 reads as follows:

"Sec. 2. The fact that there is now an imperative, immediate and continuing need for relieving the tax burden of associations engaged in the educational development of boys, girls, young men and young women through a program designed to demonstrate the operation of the American business system of private enterprise, such as Junior Achievement, Inc., local organizations affiliated therewith, and organizations of like character, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force

_____

1/ Acts 1959, 56th Leg., Ch. 500, p. 1098.

from and after its passage, and it is so enacted." (underscoring added).

The By-Laws of Junior Achievement of Houston, Inc., provide:

" . . . Various phases of the Junior Achievement program shall be developed as set forth from time to time in manuals, guides, handbooks and other publications of the National Organization of Junior Achievement, Inc. of Massachusetts." (ART. II, SEC. 2).

We assume that this National Organization of Junior Achievement of Massachusetts named in this By-Law is a State or National organization of like character as Junior Achievement, Inc. mentioned in Section 2 of this Act.

The Charter of Junior Achievement of Houston, Inc. makes the following relevant provisions:

"2. The purpose for which it is formed is to support and carry on a benevolent, charitable and educational undertaking by encouraging, promoting and supervising, especially in urban communities, either directly or through affiliated associations and agencies, the organization of boys and girls, for the purpose of encouraging them in productive enterprises in industry, commerce and homemaking, so that they may get experience in buying raw materials, producing useful products, selling the products of their efforts, and saving and investing the funds accruing from their work, so that the local club or other unit may become the medium through which knowledge and skill, gained in the school and elsewhere, may be given practical application; by interesting the girls in household arts; by encouraging more and better home life by teaching boys and girls to make at home things useful to themselves and for the home, and helping them through a series of work programs to grow into more skillful and industrious men and women with a clearer vision of the various branches of industry and commerce into which they may go and with a spirit loyal

to these organized activities; and gener-
ally, the promotion of interests and activ-
ities among boys and girls that may make
toward happier and more wholesome home sur-
roundings and better preparation for life
work.

"3. This corporation is not organized
for pecuniary profit and no part of the net
earnings of this corporation shall inure to
the benefit of any private member or indivi-
dual; and no part of the activities of this
corporation shall be the carrying on of propa-
ganda or otherwise attempting to influence
legislation."

The By-Laws make the further relevant provisions in
Article II:

"SECTION 1. The purposes for which this
corporation is formed are those set forth in
its charter. It is not organized for pecuniary
profit and no part of the net earnings of the
corporation shall inure to the benefit of any
private member or individual, and no part of its
activities shall be or include the carrying on
of propaganda or otherwise attempting to influence
legislature /sic/.

"SECTION 2. The program of this corpora-
tion is intended to provide an opportunity for
young people, in cooperation with adult ad-
visers, to form and operate miniature busi-
nesses for the purpose of developing an under-
standing of the relationship and function of
the essential parts of America's private enter-
prise system, involving private capital, wise
management and responsible labor. 'Learn by
Doing' shall be the principal method of carry-
ing out the program. Various phases of the
Junior Achievement program shall be developed
as set forth from time to time in manuals,
guides, handbooks and other publications of the
National Organization of Junior Achievement,
Inc. of Massachusetts."

Article VI of the By-Laws provides, in part:

"SECTION 2. The officers of the corpora-
tion shall receive no salary or other compen-
sation from the corporation. Employees of the
corporation shall receive such compensation as
the Board of Directors may from time to time
determine; and all officers and employees shall
hold office at the pleasure of the Board."

The activities of the corporation are sustained by volun-
tary contributions.

The Legislature clearly designated the activities of
Junior Achievement, Inc., as educational development.[2] We
equate the term "educational development" used in Article 7150,
Section 21 with the term "school purposes" used in Article VIII,
Section 2 of our Constitution and Article 7150, Section I of the
statutes. All doubts must be resolved in favor of the constitu-
tionality of the statute. Duncan v. Gabler, 147 Tex. 229, 215
S.W.2d 155 (1948); 12 Tex.Jur.2d 386-388, Constitutional Law, Sec.
43. A declaration of the Legislature upon a subject is entitled
to great weight and respect in arriving at a final decision of
the question. Atwood v. Willacy County Navigation District, 271
S.W.2d 137 (Tex.Civ.App. 1954, error ref., n.r.e.); Bland v. City
of Taylor, 37 S.W.2d 291 (Tex.Civ.App. 1931, affd., Davis v. City
of Taylor, 123 Tex. 39, 67 S.W.2d 1033, (1934).

We are well aware that a mere fiat pronouncement of the
Legislature, not supported by facts, is not sufficient to create
a tax exemption. Dallas County v. Texas Turnpike Co., 268 S.W.
2d 767, 770 (Tex.Civ.App. 1954, affd. 153 Tex. 474, 271 S.W.2d
400, 1954); Dickison v. Woodmen of the World Life Insurance Soc-
iety, 280 S.W.2d 315 (Tex.Civ.App. 1955, error ref.). We assume
that the activities of the corporation do conform to the pro-
visions of its charter and by-laws hereinabove quoted. We believe
these activities constitute school purposes within contemplation
of Article VIII, Section 2 of the Constitution and Article 7150,
Section 1 of the statutes.

---

2/ Acts 1959, 56th Leg., Ch. 500, p. 1098.

Our State Constitution neither defines nor limits the meaning of the term "school" or "school purposes." These terms appear to be ones of very broad import. Webster's Third New International Dictionary defines a "school" as:

"An organized body of scholars and teachers associated for the pursuit and dissemination of knowledge."

In 51 Texas Jurisprudence, Second, page 318, Schools, Section 1, entitled "In General; Definitions," is the statement:

"A school is commonly regarded as a place where instruction is imparted to the young."

The few cases we find which consider whether a particular institution is a school, for purposes of being exempt from ad valorem taxes, seem to consider the question as one to be resolved upon the facts of each particular situation. Smith v. Feather, 149 Tex. 402, 234 S.W.2d 418 (1950); Little Theatre of Dallas, Inc. v. City of Dallas, 124 S.W.2d 863 (Tex.Civ.App. 1939).

The buildings must be used exclusively and owned by the owner in question as required by the constitutional provision under consideration, and the facts submitted to us appear to conform to this requirement.

## S U M M A R Y

The realty and permanent improvements thereon in Harris County owned and used exclusively by Junior Achievement of Houston, Inc., for school purposes or educational development are exempt from ad valorem taxes pursuant to Article VIII, Section 2 of our State Constitution and Article 7150, Sections 1 and 21, Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. E. Allen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
Brandon Bickett
James Quick
Brock Jones, Jr.
Jo Betsy Lewallen

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.